UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL SIMMONS | CIVIL ACTION |
| VERSUS | NO. 15-3045 |
| LEHIGH HANSON, INC. | SECTION "N" (3) |

## ORDER & REASONS

Presently before the Court is a "Motion to Dismiss for Lack of Personal Jurisdiction, and, Alternatively, or Additionally, for Summary Judgment," (Rec. Doc. 14) filed by Defendant Lehigh Hanson, Inc. ("Lehigh Hanson"). Now, having reviewed the parties' submissions and the applicable law, the Court rules as stated herein.

**I. BACKGROUND**

Plaintiff, appearing *pro se*, filed an amended and superseding complaint on September 10, 2015, seeking damages for alleged injuries arising from the exposure of Plaintiff to hydraulic fluids while working at a Lehigh Hanson plant in 2014.[1] Lehigh Hanson denies ever having employed Plaintiff or having owned, operated, or supervised the plant in east New Orleans where the alleged injuries were sustained, apparently while the Plaintiff was working for a staffing company named Advantage Staffing of Slidell. Rather, Lehigh Hanson contends that the plant was owned and operated by Hanson Pipe and Precast, LLC ("Hanson Pipe and Precast"), of which Lehigh Hanson was the parent company, in terms of stock ownership, at the relevant time. Lehigh Hanson now

---

[1] In asserting personal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, Plaintiff admits that Lehigh Hanson is not a citizen of Louisiana, meaning it neither has its principal place of business in Louisiana nor was it incorporated here. *See* 28 U.S.C. § 1332(c)(1).

moves to dismiss the case, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, essentially arguing that, as a legal entity separate from Hanson Pipe and Precast, it does not have contacts with the State of Louisiana sufficient to confer personal jurisdiction upon this Court.[2]

### III. LAW AND ANALYSIS

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). When personal jurisdiction is not present, Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of an action. Upon a jurisdictional challenge by a non-resident defendant, the plaintiff bears the burden of proving that the Court has personal jurisdiction. *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). This burden may be satisfied by a *prima facie* showing. *Id.* To decide the jurisdictional issue, the Court may receive "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir.2003). Moreover, all *uncontroverted* allegations of the plaintiff are accepted as true, so long as the allegations are not

---

[2] Lehigh Hanson supplements its motion with an affidavit, by which its employee, James L. Wallman, attests to the following, among other things: that Lehigh Hanson, Inc. is a Delaware corporation with its principal place of business in Irving, Texas; that it does not have employees located in the state of Louisiana; that it did not operate a plant in Louisiana or employ Plaintiff at any time, including in 2014; that it did not own or operate the "PH-36 Machine" referenced in the complaint; and that there was no "Lehigh Hanson worksite" in Louisiana as referred to in the complaint.

merely conclusory. *Id.*

The exercise of personal jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332, is proper only if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute "extends personal jurisdiction of courts sitting in Louisiana, including federal courts, to the limits permitted under the due process clause." *See* La. Rev. Stat. § 13:3201(B); *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999). Thus, the Court need only determine due process requirements are satisfied, which requires that "the defendant ha[ve] certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Gonzalez v. Bank of. Am. Ins. Servs., Inc.*, 454 Fed.Appx. 295, 300 (5th Cir. 2011) (unpublished) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts can be establish through either specific or general jurisdiction. *Gonzalez*, 454 Fed.Appx. at 300.

Where related companies are involved, as they are here, the Court presumes that a parent corporation is independent of a subsidiary, such that the forum contacts of one are not to be imputed to the other for the purpose of establishing jurisdiction. *See id.* (*citing Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) ("Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with the forum can be the basis of a related corporation's contacts."). To overcome this presumption of corporate separateness, the plaintiff must provide "clear evidence that

is sufficient to demonstrate that the subsidiary is the alter ego of the parent." *Gonzalez*, 454 Fed.Appx. at 300 (*citing Dickson Marine*, 179 F,3d at 338). Determining whether a subsidiary is an alter ego requires the Court to consider factors such as the following:

> (1) the amount of stock owned by the parent of the subsidiary; (2) if the two corporations have separate headquarters; (3) if they have common officers and directors; (4) if they observe corporate formalities; (5) if they maintain separate accounting systems; (6) whether the parent exercise[s] complete authority over the subsidiary's general policy; and (7) whether the subsidiary exercise[s] complete authority over its daily operations.

*Gonzalez*, 454 Fed.Appx. at 300 (*citing Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). "Even where some factors suggest that one entity is the alter ego of another, the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010) (*citing Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (declining to find an alter ego even though one entity owned 100% of its subsidiaries, was responsible for corporate policy, funneled revenues into centralized accounts, and filed consolidated tax returns because those factors were "outweighed, albeit modestly" by observation of corporate formalities).

In the case at bar, Plaintiff does not argue that the companies failed to observe corporate formalities. He also does not allege that Lehigh Hanson and Hanson Pipe and Precast shared common officers or directors, failed to maintain separate accounting systems, or that Lehigh Hanson exercised complete authority over the general policy of Hanson Pipe and Precast. In fact, in his brief, *pro se* Plaintiff omits discussion of personal jurisdiction altogether, though he does state that "Hanson Pipe and Precast continually forwarded [Plaintiff] to their corporate headquarters, Lehigh

4

Hanson, Inc. of Irving Texas, to answer question(s) of (sic) resolve issue(s) that they couldn't handle at the New Orleans plant." (Rec. Doc. 27 at p.4). Plaintiff also claims to have "evidence, in the form of audible recording(s), website identification verification(s) etc. to support his [contention] that Lehigh Hanson, Inc. of Irving Texas does (or did in fact) have 'some type' of business dealing with a Louisiana plant, named Hanson Pipe and Precast, of New Orleans, Louisiana." (Rec. Doc. 27 at p.5). However, Plaintiff does not submit this evidence to the Court.[3]

Even accepting as true that Plaintiff was referred to a corporate headquarters in Irving, Texas, that the two companies, in fact, shared, additional evidence that would support finding an alter ego is needed to overcome the presumption of corporate separateness. Without it, there is no reason to believe that the companies disregarded corporate formalities or that Lehigh Hanson demonstrated greater control over Hanson Pipe and Precast than would be normal or expected for a significant stakeholder in the company. Accordingly, the Court must view the companies as separate and distinct entities, such that jurisdiction may be based only on the forum contacts of Lehigh Hanson, alone. On the showing made, those contacts fall well short of the level needed to confer upon this Court jurisdiction over the defendant. Without personal jurisdiction, the Court is powerless to proceed, and this action must be dismissed, as a result.

---

[3] It appears Plaintiff awaits the Court's permission to submit supporting evidence. Plaintiff did not need such permission, and after been given ample time to prepare and submit his brief, the Court finds that further delay would be futile. The fact that a parent corporation and subsidiary had "some type of business dealing" is to be expected. Alone, evidence of business dealings between the two would not be enough to tip the scale in Plaintiff's favor.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED** and that the case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to re-file the lawsuit in a court of proper jurisdiction.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, pled in the alternative, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 5th day of May, 2016.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　**United States District Judge**